PER CURIAM.
Appellant, Jose Ortiz, was tried by jury and found guilty of robbery with a weapon of cash traveler’s checks from an American Automobile Association (“AAA”) office in Delray Beach. On appeal, Ortiz argues that the trial judge erred in denying his motion to suppress statements he made to the police after allegedly requesting an attorney. We affirm because, in denying the motion and allowing the statements into evidence, the trial judge necessarily resolved the factual questions against appellant. The record contains evidence to legally support the trial judge’s ruling since the State presented testimony: (1) that Ortiz was given his Miranda warnings prior to any questioning by the police; (2) that Ortiz unequivocally waived his right to counsel prior to making the statements at issue; (3) that when Ortiz did request counsel after questioning had commenced, the questioning was stopped; and (4) that after questioning was stopped, Ortiz himself re-initiated contact with the police and indicated that he wanted to talk to police officers from the Delray Beach police department.[1]
Justice Shaw recently wrote:
[T]he raison d’etre of the interrogation room is to promote society’s quest for the truth, and the only permissible means to achieve this end is in conformity with the law.... [WJhenever a suspect’s rights are clearly raised in the interrogation room-whether by police or the suspect-officers must pursue the matter in an open and forthright manner. In such a situation, gamesmanship of any sort by the officers is forbidden. ... Imperfections and technical flaws will inevitably occur in the course of any interrogation, but a court should not suppress a confession based on a trivial or insubstantial violation. In sum, whenever constitutional rights are in issue, the ultimate bright line in the interrogation room is honesty and common sense.
Almeida v. State, 737 So.2d 520, 526 (Fla.1999) (citation omitted).
Although we review the legal issues of this suppression hearing de novo, we still must defer to the factual findings of the trial judge and interpret the evidence and reasonable inferences in a manner most favorable to supporting the trial court’s factual conclusions. See Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). The most troublesome aspect of appellant’s claim in regard to this issue is his allegation that when he was read.his Miranda rights, he told the officer that he had already told another officer that he wanted an attorney. Yet, appellant told the officer that was giving him his Miranda rights that he didn’t want an attorney. Under these circumstances, we find no violation in the officer clarifying this inconsistent position with Ortiz since there was no evidence that the first officer had read Ortiz his Miranda rights at any time.[2] Cf. Almeida v. State, 737 So.2d 520 (Fla.1999).
Accordingly, we find no violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), or Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).
AFFIRMED.
WARNER, C.J., STEVENSON, J„ and OFTEDAL, RICHARD L., Associate Judge, concur.

. Although the offense took place in Delray Beach, appellant was apprehended in the City of Plantation and was questioned at the police station there.

. Furthermore, it was questionable whether Ortiz had even spoken to any other officer, since all of the officers involved in the apprehension of Ortiz denied that this ever happened.